## SUCCESSION OF DUCLOSLANGE.

Where a wife dies leaving neither ascendants nor descendants, nor legitimate relations, but
natural brothers and sisters, and a husband not separated from bed and board, the surviving
husband will inherit the estate to the exclusion of the natural brothers and sisters. C. C.
918. The last exclude only the State. C. C. 917, 923.

A PPEAL from the Second District Court of New Orleans, *Canon, J.*
*Grivot* and *Roselius*, for the appellants. The only question which this case
case presents is, whether the natural brother and sisters, or the surviving hus-
band, are the irregular heirs of the deceased ? The parties rely, in support of
their respective pretensions, on two articles of the Civil Code, which apparently
contain contradictory provisions. The natural brothers and sisters found their
claim on the 917th article, and the surviving husband on the 918th article.

To understand these articles, they must be examined in connection with
others of the Code. In the 3d chapter, under the title of Succession, the Code
treats of irregular successions and irregular heirs. The 912th and 913th arti-
cles provide for the cases in which natural children are called to the succession
of their father and mother. The 914th article declares that adulterous and
incestuous bastards shall in no case inherit the succession of their natural father
or mother. In the 915th article, the general principle is laid down that, the
law grants no right of inheritance to natural children to the estate of legitimate
relations of their natural father or mother. By the 916th article, the father
and mother are called to the succession of their natural child, duly acknowledg-
ed by them, who dies without posterity : and the 917th article provides that,
" if the father and mother of the natural child died before him, the estate of
such natural child shall pass to his natural brothers and sisters, or their descen-
dants."

The two last articles of the Code relate to a particular description of suc-
cessions and heirs. The general rule is that natural children belong to no fami-
ly, and are entitled to none of the ordinary rights conferred by relationship and
consangunity. The Code contains many enactments illustrative of this princi-

ple, and among others, the provisions of article 915. But whilst recognising the Succession of general principle, the law has made exceptions to it, by admitting the rights of Duclosrange.' inheritance of the succession of the natural child who dies without posterity, in favor of the father and mother who have acknowledged him; and, in case of their previous decease, in favor of the natural brothers and sisters, or their descendants. This can only be considered as special legislation,in relation to the successions of natural children who die without posterity. Viewed in this light, the apparently inconsistent provisions of the 917th, 918th and 923d articles of the Code can be reconciled, and full effect given to all; for articles 918 and 923 relate to the successions of *legitimate relations*, and merely contain a reiteration of the rule laid down in article 915, that natural brothers and sisters have no right to the inheritance of the succession of their legitimate brothers or relations generally; and, for the same reason, the legitimate children have no right to the successions of their natural brothers and sisters. The rule is reciprocal.

This distinction is clearly established by the law itself. In articles 916 and 917, the successions of natural children are expressly spoken of, and special rules for their inheritance are prescribed. In all the preceding and succeeding articles of the same chapter, no reference is made to the successions of this class of persons; nay, by article 923, the State is called to the succession in the absence of a surviving husband or wife, and natural children. This last article is clearly not applicable to the successions of illegitimate persons, as was decided by the Supreme Court in the case of *Laclotte's Heirs* v. *Labarre*, 11 La. p. 179; and article 918 refers to the same class of successions as article 923, i. e. the succession of legitimate persons. The idea that art. 918 contains an exception to the general rule laid down in art. 917, is inadmissible. The two articles treat of different subjects altogether; it is absurd to say that the one contains an exception to a general rule established in the other. In the case of *Laclotte's Heirs* v. *Labarre*, 11 La. 179, the late Supreme Court expressly decided that, " where a natural child dies, leaving neither ascendants nor descendants, his natural brothers and sisters will inherit his succession, to the exclusion of all others." So in the case of *Layre* v. *Pasio*, 5 Robinson, p. 9, the late Supreme Court again say : " Natural brothers and sisters will inherit from each other, where their father and mother died before the child from whom the estate descends." The decision in the case of *Victor* v. *Tagiasco*, 6 La. p. 644, is in direct contradiction to the two cases just cited.

*Benjamin* and *Micou*, contrâ, cited C. C. 918, *Victor* v. *Tagiasco's executors*, 6 La. 642.

The judgment of the court was pronounced by

Rost, J, *Jean Ternoir*, the surviving husband, not separated from bed and board, of *Eulalie Ducloslange*, who died leaving neither descendants* nor legitimate relations, asks to be put in possession of her succession, under art. 918 of the Civil Code. The natural brother and sisters of the deceased, together with the minor children of one of the sisters of the deceased, resist his application, and claim the succession in their own right, under art. 917 of the Code. The court of the first instance decreed the succession to the surviving husband, and the other parties have appealed. The case of *Victor* v. *Tagiasco's Executor*, relied on by the appellee, is in point. 6 La. p. 644. The court there, upon an issue in all respects similar to the present, sustained the claim of the surviving husband. After mature consideration, we are satisfied that, the opinion in that case contains a correct exposition of the law of irregular successions. Our Code divides successions into testamentary, legal and irregular, and establishes for legal and irregular successions the order of descents. In legal successions, the children and other lawful descendants are first in rank; in irregular successions, the surviving husband or wife takes precedence of all other classes of persons called to the inheritance. C. C. arts. 871, 883, 911. Even the natural

---

* Nor ascendants.

SUCCESSION OF children of the father, duly acknowledged, are made to give way to the surviv-
DUCLOSLANGE. ing wife, and take the succession to the exclusion of the State only. C. C. art.
913. An exception is made to the preference given to the husband by the pro-
visions of art. 918, that he shall not inherit from his wife, if she has left natural
children; but the appellants do not come within the exception, and must there-
fore be submitted to the rule that, natural fathers, mothers, brothers and sisters,
take rank after the surviving husband.

Art. 923 provides that, in default of lawful relations, or of a surviving hus-
band or wife, or acknowledged natural children, the succession belongs to the
State. This article again gives precedence to the surviving husband or wife,
and would seem to exclude natural brothers and sisters. In the case of *Lac-
lotte's Heirs* v. *Labarre*, 11 La. p. 179, the late Supreme Court, construing it
with art. 917, had to invoke the legal maxim, *in dubiis semper contra fiscum*, in
order to sustain the claim of the natural brothers and sisters against that of the
State. This decision is undoubtedly correct, but it is far from supporting the
pretensions of the appellants. It settles the principle clearly resulting from the
order of irregular successions established by the Code, that natural brothers and
sisters, and their descendants, exclude the State and the State only. The ne-
cessary inference from that principle is, that they are excluded themselves by
all the other classes of persons called to the inheritance, except the State.

In the order of irregular successions established by the Napoléon Code, na-
tural children and other natural relations stand first; the surviving husband or
wife comes next; and, in default of surviving husband or wife, the State inhe-
rits. All the commentators upon that Code agree that the surviving husband or
wife excludes the State only, and is excluded by all other classes of irregular
heirs. See 2d Delvincourt, p. 24 and notes. 4th Toullier, no. 269. With us,
natural brothers and sisters, and their descendants, occupy the same position
which the surviving husband or wife occupies in France, and it is equally true
of them that they are excluded by all save the State.

The petition of *Philippe Ducloslange* to be appointed administrator of his
sister's estate, was properly dismissed, and there is no error in the judgment
appealed from.                                              *Judgment affirmed,*